Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHADE COLEMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>ROSENTHAL, MORGAN & THOMAS, INC.,<br><br>  Defendant. | Case No. 5:20-cv-02245<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, SHADE COLEMAN, through undersigned counsel, complaining of ROSENTHAL, MORGAN & THOMAS, INC., as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. SHADE COLEMAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Rialto, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. ROSENTHAL, MORGAN & THOMAS, INC. ("Defendant") is a corporation organized under the laws of Missouri.

9. Defendant maintains its principal place of business at 12747 Olive Blvd, Suite 250, Saint Louis, Missouri 63141.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACUTAL ALLEGATIONS

13. Approximately one year ago, Plaintiff rented a storage unit.

14. Plaintiff had an oral agreement with the storage unit owner that Plaintiff could move out all of her belongings and would be sent a final bill by the owner.

15. Plaintiff never received a final bill from the owner.

16. Instead, in early September 2020, Plaintiff received a phone call from Defendant attempting to collect on the alleged amount of $500 for the storage unit (the alleged "subject debt").

17. Plaintiff advised Defendant that she was unable to pay the full amount as she couldn't currently afford it.

18. Defendant threatened Plaintiff by stating that if a payment wasn't made that day, Defendant would be filing suit against her and adding legal fees.

19. Defendant also asked Plaintiff to get in contact with a family member to help pay the subject debt as soon as possible.

20. During this same phone call, Plaintiff agreed to a payment plan of three payments of fifty dollars ($50.00) per month.

21. Also during this phone call, Plaintiff gave Defendant the first installment payment of fifty dollars via a prepaid card and requested a receipt for the payment and a confirmation of the payment plan in writing.

22. On or around September 19, 2020, Plaintiff called Defendant to inquire as to why she never received the requested documents.

23. During this phone call, Defendant advised that the bank statement was proof of her payment and refused to provide her with any other type of proof of the payment or settlement agreement.

24. When Plaintiff asked to speak to a manager she was told that the supervisor would state the same policy and would not provide her with any written correspondence.

25. Plaintiff was transferred to a manager named Jason, with whom Plaintiff left a detailed message.

26. This message was ignored. Plaintiff never received a return phone call.

27. On or about October 15, 2020, Plaintiff again called Defendant requesting to delay her installment payment.

28. Plaintiff was told that the payment installment was not part of a settlement, but was only a hardship payment and that she still needs to pay the full amount because no settlement was noted on her account.

3

29. During this same phone call, Defendant again threatened Plaintiff with filing a lawsuit is the full debt is not paid by Monday.

30. To date, Plaintiff has yet to receive anything in writing from Defendant.

31. To date, Plaintiff has not been sued in state court.

32. Concerned with having had her rights violated, as a result of Defendant's numerous threats, Plaintiff was forced to obtain legal counsel.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

35. Defendant's phone calls are each a "communication" as defined by 15 U.S.C. § 1692a(2) because they conveyed information regarding the subject debt to Plaintiff directly.

**a.   Violations of 15 U.S.C. § 1692e**

36. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

37. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot be legally taken or that is not intended to be taken.15 U.S.C. § 1692e(5).

38. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

39. Defendant's phone calls violated 15 U.S.C. §§ 1692e, e(5), and e(10) by falsely implying that Defendant would file a lawsuit against Plaintiff for not paying the debt in full, when in fact Defendant never filed said lawsuit.

40. Additionally, Defendant promised Plaintiff to provide receipts of payments and a written communication regarding the payment plan, but then refused to provide same on numerous occasions.

41. Defendant's phone calls violated 15 U.S.C. §§ 1692e, e(5), and e(10) by threatening to assess legal fees after Plaintiff advised she was unable to pay, when in reality Defendant never intended to assess fees.

   **b.   Violations of 15 U.S.C. §1692f**

42. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

43. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means in its attempts to collect the subject debt.

44. Specifically, it was inherently unfair and unconscionable for Defendant to use language in its phone calls that is designed to create a false sense of urgency where no urgency exists as Defendant (1) had no intention of filing a lawsuit; (2) did not intend to assess fees; and/or (3) promised to provide written communication to coerce a payment and then failed to provide the requested documentation.

45. As set forth above, Plaintiff was harmed by Defendant's deceptive conduct.

   **c.   Violations of §1692g**

46. Section 1692g of the FDCPA requires debt collectors to make certain disclosures regarding a consumer's right to dispute the validity of a debt and request verification of the same.

47. Defendant violated 15 U.S.C. §1692g by failing provide Plaintiff with any written communication.

48. Additionally, despite Plaintiff's request for written communication from Defendant, Defendant failed to provide any written communication at all.

49. Specifically, Defendant failed to notify Plaintiff of the disclosures required by the FDCPA by failing to provide a Dunning notice.

50. Plaintiff may enforce the provisions of 15 U.S.C. 15 U.S.C. §§ 1692e, e(5), and e(10), f and g pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10), f and g.

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.11

48. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

49. As pled above, Defendant violated 15 U.S.C. §§1692e, 1692f and 1692g; therefore violating Cal. Civ. Code §1788.17.

50. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

> (a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;
>
> (b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).
>
> (c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated Cal. Civ. Code §§ 1788.17;

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 26, 2020                                            Respectfully submitted,

**SHADE COLEMAN**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com